UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY KEVIN COLLINS,

        Petitioner,

v.                                                     Case No: 6:15-cv-191-Orl-31TBS

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS
and ATTORNEY GENERAL, STATE OF
FLORIDA,

        Respondents.
_____/

## ORDER

This cause is before the Court on the Petition for Writ of Habeas Corpus (Doc. 1) (the "Petition") filed by Petitioner pursuant to 28 U.S.C. § 2254. Respondents filed a Response to Petition (Doc. 12) (the "Response") in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts*. Petitioner filed a Reply (Doc. 15) to the Response. For the reasons set forth herein, the Petition is denied.

### I. DISCUSSION

In the Petition, Petitioner states that he is challenging convictions entered on July 29, 2005, and on September 17, 2010. (Doc. 1 at 1). He identifies the sentences being challenged as follows: "2005=48 months/2010= 7 years (HFO)." (*Id*). Petitioner argues that he is "challenging current (2010) sentence on ground that it was enhanced by

Invalid (void) prior conviction." (*Id*.). Petitioner notes that the 2005 conviction is "expired." (*Id*. at 5). In the Reply, Petitioner again asserts that he is "challenging the 2010 Grand Theft Sentence that was illegally enhanced by the invalid 2005 conviction." (Doc. 15 at 1).

Petitioner previously filed a request for habeas corpus relief under section 2254 with respect to the 2010 conviction/sentence: Case No. 6:11-cv-1868-Orl-31DAB. In that case, the Court entered an Order on December 18, 2012, denying his request for habeas relief and dismissing the case with prejudice.

Pursuant to 28 U.S.C. section 2244(b)(3)(A), the Court cannot consider a second or successive habeas petition until a panel of the Eleventh Circuit Court of Appeals has authorized its filing. In the Petition, Petitioner raises grounds for relief that pertain to the conviction/sentence from 2010. Clearly, the Petition is successive.

There is no indication that Petitioner applied for and was granted leave to file a second or successive habeas corpus petition by the Eleventh Circuit Court of Appeals. Before Petitioner will be permitted to file a second or successive habeas corpus application in this Court, he must move in the Eleventh Circuit Court of Appeals for an order authorizing this Court to consider the application.

As a result, under the requirements set forth in section 2244(b), the Petition, which is successive, cannot be entertained by this Court, and it will be dismissed without prejudice to allow Petitioner the opportunity to seek authorization from the Eleventh Circuit Court of Appeals.

2

Petitioner should be aware that section 2244(b)(2) limits the circumstances under which the Court of Appeals will authorize the filing of a second or successive habeas corpus petition. Furthermore, section 2244(d) imposes a time limitation on the filing of a habeas corpus petition.

## II. CERTIFICATE OF APPEALABILITY

This Court should grant an application for a certificate of appealability only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). However, the petitioner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner fails to demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner fails to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

## III. CONCLUSION

1. The Petition for Writ of Habeas Corpus (Doc. 1) is DENIED and this case is **DISMISSED without prejudice**.

2. The Clerk of the Court is directed to enter judgment in favor of Respondents and to close this case.

3. The Clerk of the Court also is directed to send Petitioner an "Application for Leave to File a Second or Successive Habeas Corpus Petition 28 U.S.C. § 2244(b) By a Prisoner in State Custody" form.

4. Petitioner is **DENIED** a certificate of appealability in this case.

**DONE** and **ORDERED** in Orlando, Florida on July 22, 2015.



GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party
OrlP-2 7/22